IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIO CESAR SOLIS DURAN,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations; *et al*.,<br>Respondents. | No. 2:26-CV-03862-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Julia M. Braker. Respondents are represented by Alixandra Morris.

Petitioner is a citizen of Mexico who most recently entered the United States on September 6, 2023. On September 7, 2026, Petitioner was enrolled in the Alternatives to Detention (ATD) program and was issued an Order of Release on Recognizance (OREC). On February 6, 2025, Petitioner was convicted of driving under the influence. On June 17, 2025, a court issued a bench warrant for Petitioner's arrest after he violated his probation conditions and absconded from supervision.

On January 12, 2026, Enforcement and Removal Operations (ERO) revoked

Petitioner's OREC based on his failure to comply with the conditions of release. The same day, ERO issued and served Petitioner with a Warrant for Arrest of Alien and a Notice of Custody determination and transported him to NWIPC, where he remains.

On April 9, 2026, an immigration judge (IJ) ordered Petitioner removed to Mexico. Petitioner appealed the IJ's removal order, which was dismissed by the Board of Immigration Appeals (BIA) on October 7, 2026. Respondents indicate that Petitioner served ERO with a petition for review purportedly filed with the Ninth Circuit. Although Respondents express some uncertainty as to whether an appeal has actually been filed with the Ninth Circuit, they do not argue that Petitioner is subject to a final order of removal.

Petitioner requests the Court order his immediate release from custody, asserting that his underlying re-detention violated due process as he did not receive pre-deprivation notice or an opportunity to be heard. Alternatively, Petitioner asserts he is entitled to immediate release as his previous bond hearing did not comply with due process requirements.

Respondents oppose the Petition, asserting that Petitioner's challenge to his underlying re-detention is barred by the abuse of writ doctrine and an individualized basis for revocation of Petitioner's OREC existed. Alternatively, Respondents assert that Petitioner's challenge to the bond hearing fails as he has not exhausted his administrative remedies and the IJ properly exercised its discretion in denying bond.

This is Petitioner's second Habeas Petition. In the first Petition, Case No. 2:26-CV-01824-JLR, Petitioner proceeded *pro se*. The court granted his Petition and ordered a bond hearing, finding the *Banda* factors weighed in his favor. Petitioner did not make specific arguments regarding his detention authority nor the circumstances surrounding his underlying re-detention – he requested the court order his immediate release due to the prolonged nature of his detention. Contrary

to Respondents' argument that Petitioner already litigated the "exact" issue of his re-detention in the context of his release under an OREC, the prior court's Order only mentions Petitioner's OREC in passing discussion of the factual background and the Order includes no discussion as to whether his re-detention comported with due process requirements. "Courts in this circuit have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by [incarcerated persons]." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (citation omitted and emphasis added). The abuse of the writ doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). As Petitioner proceeded *pro se* in his previous Habeas Petition and the previous court did not expressly consider whether Petitioner's re-detention complied with due process requirements, the abuse of writ doctrine is not applicable here.

Turning to the merits of the present Petition, in deciding Petitioner's first Habeas Petition, the previous court treated Petitioner as detained pursuant to 8 U.S.C. § 1225(b), as neither party was necessarily disputing his detention authority. Release under an OREC is authorized under § 1226(a)(2)(B), and noncitizens released on an OREC that are later re-detained are subject to § 1226. *Ortega-Cervantes v. Gonzalez*, 501 F.3d 1111, 1115-16 (9th Cir. 2007); *Shcralishocvich Azimov v. Scott*, No. 2:26-CV-02846-TMC, 2026 WL 2797213, at *2 (W.D. Wash. Sept. 18, 2026) ("A petitioner…released on an OREC after initial detention… is then subject to § 1226(a) if re-detained, absent changed circumstances justifying detention under a different statute."). While Respondents assert that Petitioner's criminal convictions justified re-detention without pre-deprivation notice or an opportunity to be heard, they fail to cite to any authority requiring this Court to arrive at the same conclusion. As Petitioner was originally released under an OREC, he is subject to discretionary detention under § 1226(a).

When determining whether a petitioner held under § 1226(a) has received appropriate due process, courts in this District apply the three-factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 2:26-CV-00244-TL, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). When evaluating the third factor, courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional procedures would require. *Id.* at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Kirykovich v. Hernandez*, 2:26-CV-00695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026). The status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community under an OREC in 2023. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As Petitioner's re-detention was the impetus for the pending controversy, it is appropriate to order his immediate release. *Tanner*, 316 F.2d at 809. Post-deprivation procedures, such as a bond hearing conducted after a petitioner has already been detained for some length of time, cannot cure constitutional violations

that occurred at the outset of detention. *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025). As Petitioner is entitled to relief on his re-detention claim, the Court declines to consider the merits of the challenge to his bond hearing.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. No conditions of release may be imposed beyond those included in Petitioner's prior supervision terms.

4. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

5. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 20th day of November 2026.

Stanley A. Bastian
United States District Judge